UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :

INTERNATIONAL BUSINESS
MACHINES CORPORATION,             :

                Plaintiff,             :
                                                         Case No. 06 CV 13565 (SCR)
        -vs.-                          :

PLATFORM SOLUTIONS, INC.,        :

                Defendant.        :
- - - - - - - - - - - - - - - - - - - - - - - - - x

### STIPULATED PROTECTIVE ORDER

        WHEREAS, discovery in this action will require the disclosure of trade secrets or other confidential research, development, or commercial information of both parties and of non-parties from whom discovery may be sought;

        WHEREAS, the parties have in good faith conferred and have agreed upon the terms of this Stipulated Protective Order ("Protective Order");

        The parties stipulate, pursuant to Rule 26(c) of the <u>Federal Rules of Civil Procedure</u>, subject to the approval of the Court, to the following Protective Order:

**IT IS THEREFORE ORDERED THAT:**

1.       Documents, things, or discovery responses constituting or containing Confidential Information disclosed or produced by any party in this litigation, and any nonparty from whom discovery is sought and who desires the protection of this Protective Order, are referred to as "Protected Documents." Except as otherwise indicated below, all documents, things, or discovery responses designated by the producing party as "CONFIDENTIAL", and which are disclosed or produced in *International Business*



*Machines Corporation v. Platform Systems, Inc.,* Civil Action No. 06-CV-13565 ("Action") are Protected Documents and are entitled to confidential treatment as described below. Protected Documents include any information contained therein, as well as copies or summaries of such documents.

2. Confidential Information: Documents, things, or discovery responses produced or furnished during the course of the Action may be designated as containing Confidential Information, prior to producing or furnishing the documents, things, or discovery responses, by placing on each page and each thing to which the designation applies a legend substantially as follows:

"CONFIDENTIAL"

"Confidential Information" shall mean any non-public confidential or proprietary information that is designated as such by the producing party.

3. Filing Under Seal. No document, thing, or discovery response constituting or containing Confidential Information shall be filed with this Court unless it is filed under seal. This Protective Order, once signed by the Court, constitutes authorization to file documents under seal that are properly designated as CONFIDENTIAL under this Protective Order. The Clerk of this Court is directed to maintain under seal all documents, things, and discovery responses, including without limitation transcripts of deposition testimony, designated as CONFIDENTIAL which are so filed in this Action. In the event a non-party seeks access to documents, things, or discovery responses that have been filed under seal, the non-party must petition the Court with notice to all parties for modification of this Protective Order upon a showing of good cause.

4.  Protected Documents shall not include materials that on their face show they have been published to the general public.

5.  At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the CONFIDENTIAL designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. Failure of a party to challenge a claim of confidentiality of any document, thing, or discovery response shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential or not appropriately designated for any reason.

    If the parties are unable to agree as to whether the CONFIDENTIAL designation of the challenged Protected Documents is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) business days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are in fact Confidential Information. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Protective Order until and unless the parties agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by

the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

6. Confidential Treatment. Protected Documents shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below. This Protective Order does not affect or limit a producing party's ability to use or disclose its own Protected Documents.

7. Protected Documents shall be disclosed only to the following persons ("Qualified Persons"):

   (a) counsel of record in this Action for the party receiving Protected Documents;

   (b) employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this Action;

   (c) in-house attorneys for the party receiving Protected Documents who are involved in the prosecution or defense of this Action;

   (d) in-house litigation support personnel;

   (e) individuals identified as authors or recipients of Protected Documents, provided that each individual only has access to Protected Documents in which the individual is identified as an author or recipient;

   (f) The Court and Court employees and personnel;

   (g) consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, subject to the procedures of paragraphs 11 and 12, who are not employees of the parties;

   (h) outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators);

   (i) jury consultants and mock jurors, provided that all mock jurors agree in writing not to discuss or disclose any Protected Documents outside the context of the mock jury exercises, and that no Protected Documents are left in the possession of the mock jurors after conclusion of the mock jury exercises;

   (j) professional translators and interpreters who are retained by the attorneys for a party for the purposes of this litigation, provided that all translators and interpreters agree in writing not to discuss or disclose any Confidential

        Information outside the context of their respective translation or interpretation assignment(s);

        (k)    others to whom the producing party has given written consent.

8. Protected Documents shall be used solely for the prosecution or defense of this Action. The prosecution or defense of this Action does not include, without limitation, prosecution of patent applications, reissue applications, reexamination applications, interference proceedings or opposition proceedings. No party or other person shall disclose or release to any person not authorized under this Protective Order any Protected Document(s) subject to this Protective Order for any purpose, or to any person authorized under this Protective Order for any purpose other than the prosecution or defense of this Action. It is understood that counsel for a party may give advice and opinions to his or her client regarding this litigation based on his or her evaluation of Protected Documents received by the party provided that such rendering of advice and opinions shall not reveal the content of such Protected Documents, except by prior written agreement with counsel for the producing party.

9. No party shall disclose any Confidential Information to any lawyer, patent agent, or other person who currently writes or prosecutes patent applications relating to the products or technologies at issue in this litigation, or who substantively reviews or provides substantive input to the drafting of such patent applications for each party. This prosecution bar from access to Confidential Information shall (1) apply to the prosecution of patents for a party or affiliates thereof and (2) remain in effect during the pendency of this litigation and for one year after the conclusion thereof, including appeals.

10. Any persons actually provided access to any Protected Documents under Paragraphs 7(c), 7(d) or 7(g) agree not to participate (and the parties agree not to employ said individuals)

during this action and for a period of one (1) year from the conclusion of this action, or one (1) year from such person's last access to Protected Documents (or portions thereof), whichever is earlier, in the development, design, product planning, product management, project management, or customer support for computer hardware and software that are similar in use or function to any of the computer hardware and software at issue in this litigation. Provided, however, that this paragraph does not restrict the ability of in-house attorneys involved in the prosecution and defense of this Action and subject to paragraph 7(c) to participate in corporate decision making as necessary to perform their professional responsibilities as attorneys, provided that they do so without using or disclosing any Confidential Information.

11. No disclosure of Protected Documents shall be made to persons in paragraph 7(g), unless such person has first executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order. Copies of such Confidential Undertakings shall not be required for staff members working under the supervision of an individual signing a Confidential Undertaking pursuant to paragraph 7(g). In any case, the provisions of paragraph 12 must be followed prior to any disclosure of Protected Documents to such individuals or their staff.

12. If any party desires to disclose Protected Documents pursuant to paragraph 7(g) above to any technical or industry expert or consultant who has previous professional or consulting experience with the products or technology at issue in this litigation, it must first identify in writing to the attorneys for the producing party each such expert or consultant. Such identification shall include (i) the full name and professional address and/or affiliation of

the proposed expert or consultant and (ii) an up-to-date curriculum vitae identifying at least all other present employment, prior employment in the field over the past four years, and a list of all litigation matters in which the expert or consultant has been deposed or testified at trial over the past four years. The producing party shall have ten (10) business days from receipt of such notice to object to disclosure of Protected Documents to individuals identified pursuant to this paragraph. Objections shall not be made except where the objecting party has a good faith belief that it will be harmed by the disclosure. Any such objection made shall in detail: (i) state the basis for the objection; (ii) identify the categories of the objecting party's Protected Documents that underlie the objection; (iii) identify how the party believes such Protected Documents may be used to its harm; and (iv) state why the objecting party believes the protections already afforded by this Protective Order would be inadequate to prevent the anticipated harm such that the objection is warranted. The parties shall attempt to resolve any objections informally. If the objections cannot be resolved, the objecting party may move the Court for an Order preventing disclosure within ten (10) business days after the parties' attempts at informal resolution have concluded. If any such motion is made, the objecting party shall bear the burden of proof. If no such motion is made within said ten (10) business day period, the consultant or expert shall be permitted to receive Protected Documents pursuant to the terms of this Protective Order. In the event objections are made and not resolved informally and a motion is filed, disclosure of Protected Documents to the expert or consultant shall not be made except by Order of the Court (or to any limited extent upon which the parties may agree in writing). These obligations shall not apply to experts or consultants in economics, damages, or other subjects that do not involve technical

expertise relating to the products and technologies at issue or industry expertise relating to the manufacture, marketing and distribution of those products and technologies.

13. The parties agree to produce all responsive source code, object code, microcode, millicode, firmware and software ("Code") in native or other suitable electronically readable (non-image) format. This paragraph places no obligation on any party to produce Code other than what the producing party deems responsive based on the requesting party's document requests. Notwithstanding anything herein to the contrary, any Code produced may not be copied, transmitted, used or accessed by the parties except as described in this paragraph and in paragraph 14. A receiving party may copy the Code of a producing party into the hard drive and/or into the RAM of one or more stand-alone (e.g., neither networked nor connected to the Internet) computers for the purposes of conducting analyses of the Code, but may not otherwise copy such Code except as described below. The Code shall be handled as follows:

(a) Access to the Code is limited to the list of Qualified Persons set forth in paragraphs 7(a), 7(b), 7(c), 7(d), 7(f), and 7(g) only. Counsel must maintain a list of all individuals who have access to the Code. Said Code is to be kept secure throughout the litigation by means of being stored on one or more stand-alone non-networked computers, with access to said Code limited to those persons designated under this Protective Order. Such Code may not be loaded onto a centralized database or transmitted over a network.

(b) All copies of a producing party's Code or portions thereof shall be marked as "CONFIDENTIAL" in the name of the producing party, and shall only be filed under seal.

    (c) Within 60 days of the conclusion of the litigation, including appeals, the original produced version must be returned to the producing party and the attorneys for the receiving party must certify in writing that any copies of the Code have been completely erased and obliterated to the point that the Code cannot subsequently be recovered or recreated.

14. If IBM purchases or otherwise acquires one or more Liberty, H-P, or other servers including PSI software and/or firmware ("the PSI System") directly from PSI, IBM's purchase and handling of all such PSI Systems are subject to following provisions:

    (a) Each PSI System will at all times be maintained under the custody and control of persons identified below in paragraph (b). IBM employees and consultants not designated under this Protective Order may be provided access to the PSI System(s) for the sole purpose of assisting with any initialization, setup, configuration or maintenance of IBM software and hardware.

    (b) For all purposes other than those specified in paragraph (a), the PSI System(s) shall be considered "Confidential" material. Access to the PSI System(s), including software, is limited to the list of qualified persons set forth in paragraphs 7(a), 7(b), 7(c), 7(d), and 7(g) only.

    (c) IBM may connect up to five (5) dedicated computers to the PSI System(s) at any one time. The dedicated computers may be locally connected to one another, but may not be connected to any other external network or to the Internet. Each dedicated computer will at all times be maintained under the custody and control of persons identified above in paragraph (b).

(d) Pursuant to the terms of this Protective Order, PSI will furnish to IBM all software, firmware or hardware "fixes" or other corrective services that it provides to other customers.

(e) If there is any malfunctions with the PSI System(s), IBM may notify PSI of the problem and PSI will work with IBM in good faith to solve the problem.

(f) The purchases of one or more PSI Systems by IBM directly from PSI is confidential, and that purchase shall be maintained as Confidential Information under this Protective Order.

15. Counsel for a party may withhold Protected Documents from production as exempt from discovery because such Protected Documents are protected from disclosure under the attorney-client privilege or work product doctrine of Fed. R. Civ. P. 26(b), or any other privilege or immunity. For Protected Documents so withheld, each Protected Document withheld, along with the protection claimed thereof and the basis for the protection, shall be reported on a log consistent with Fed. R. Civ. P. 26(b)(5). Counsel for a party producing documents need not list in any such log or produce any documents created after the start of the Action that reflect attorney-client communications related to the present litigation or contain attorney work product related to the Action.

16. The producing party shall promptly notify the receiving party in writing in the event of an inadvertent production of documents subject to work product immunity, attorney-client privilege or any other privilege or immunity from disclosure, after the producing party learns of such inadvertent production. Upon being notified by the producing party pursuant to this paragraph, counsel for the non-producing party shall use his or her best efforts to retrieve all copies of the documents at issue, and all summaries or related

documents that contain any of the information in the inadvertently produced documents. The receiving party shall return or destroy all copies of such documents within ten (10) business days of such notice and certify such return or destruction in writing to the producing party. Further, such inadvertent production is not a waiver of the attorney-client privilege or any work product immunity or any other privilege or immunity from disclosure.

17. With respect to all materials provided for inspection by a party's counsel, designation by stamping or labeling need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's counsel shall be treated as though designated "CONFIDENTIAL" from the time of the inspection until otherwise designated pursuant to this Protective Order.

18. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

19. To the extent that Protected Documents are used in depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

20. Any court reporter, stenographer or transcriber who reports or transcribes testimony in this Action, shall agree that all Protected Documents designated as such under this Protective Order shall remain confidential pursuant to the terms of this Protective Order,

and shall not be disclosed by them, except pursuant to the terms of this Protective Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

21. In the event of any hearing or trial in this Action at which either party wishes to introduce Protected Documents to the Court or a jury, the parties will put adequate safeguards in place to protect against the dissemination of Protected Documents. The parties will meet and confer concerning the least intrusive means of handling Protected Documents at a hearing or trial to minimize the burdens to the Court and Court staff.

22. Deposition Testimony shall be treated as a Protected Document for a period of thirty (30) days after receipt of the deposition transcript by the furnishing party to permit the furnishing party to review the transcript and designate the transcript as a Protected Document (in its entirety, or by page/line designations). A furnishing party may designate information disclosed at a deposition as a Protected Document: (i) during the deposition, by requesting that the reporter place the appropriate legend as set forth in paragraph (2) hereof on the first page and all subsequent pages of the transcript containing Confidential Information, or (ii) within thirty (30) days after receipt of the transcript, by sending a written list of the particular pages of the transcript that contain such information along with a copy of the transcript pages stamped with the legend set forth in paragraph (2) hereof to Outside Counsel for all Receiving Parties, and requesting that the stamped pages be substituted in each copy of the transcript.

23. Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel for a party from disclosing a Protected Document to any current employee of the producing party, or to any person that the document clearly identifies as

an author, addressee, or recipient of such document or who can be shown by appropriate foundation (without disclosing the contents of the document) to have received, seen, or been in possession of the Protected Document or the Confidential Information contained in the Protected Document. Regardless of the designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss the subject matter of such conduct or statements with such witness, and such discussion shall not constitute disclosure in violation of this Protective Order.

24. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. The producing party shall promptly notify the receiving party in writing in the event of an inadvertent production of documents or information containing Confidential Information which are not designated "CONFIDENTIAL", after the producing party learns of such inadvertent production. Upon being notified by the producing party pursuant to this paragraph, counsel for the non-producing party shall use his or her best efforts to retrieve all copies of the documents at issue, and all summaries or related documents that contain any of the information in the inadvertently produced documents. The producing party will replace those copies with copies containing the proper confidentiality designation.
If a party who receives material designated as Confidential learns that, by inadvertence or otherwise, it has disclosed such material to any person or in any circumstance not authorized by this Stipulated Protective Order, that party must immediately (1) notify in writing the producing party of the unauthorized disclosures, including the name of each

person to whom such disclosure was made; (2) use best efforts to retrieve or destroy all copies of the protected material and certify such retrieval or destruction in writing to the producing party; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and (4) request such person or persons to execute the Confidentiality Undertaking attached hereto as Exhibit A, and notify the producing party of any individual who refuses to execute the Confidentiality Undertaking.

25. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a subpoena, motion or other legal process (collectively, a "Request") to disclose another party's Confidential Information pursuant to this Order shall promptly notify the producing party of the Request, in writing by facsimile and e-mail, and promptly provide that party with a copy of the Request so as to provide the producing party with the opportunity to appear and be heard on whether such information should be disclosed (and in all events such notification shall be provided within three (3) business days of receiving such Request). The person or party who may be subject to a Request to disclose another party's Confidential Information shall also promptly inform in writing the person who made the Request that some or all of the material covered by the Request is the subject of this Protective Order, and shall deliver a copy of this Protective Order to the requesting party. Further, the person or party receiving the Request shall not produce the requested Confidential Information unless (1) the producing party agrees to such production in writing, (2) the producing party fails to

file a protective order with the Court prior to the response date, or (3) the Court orders such production.

26. The terms of this Protective Order are applicable to Protected Documents provided by a non-party. Protected Documents produced by a non-party in connection with this Action pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

27. After termination of this Action, the provisions of this Protective Order shall continue to be binding, except with respect to those Protected Documents that, consistent with the terms of this Protective Order, become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Protective Order following termination of this litigation.

28. Upon termination of this Action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents or certify in writing their destruction within sixty (60) calendar days to the counsel for the party or parties disclosing or producing the Protected Documents. The party or parties receiving the Protected Documents may keep a copy of any Protected Document filed with the Court. Further, the party or parties receiving the Protected Documents may keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents.

29. This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns,

subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

So ORDERED AND SIGNED this 19th day of June 2007.

*[signature]*
STEPHEN C. ROBINSON
UNITED STATES DISTRICT JUDGE