*Robinson, J*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Plaintiff,<br><br>- against -<br><br>PLATFORM SOLUTIONS, INC.,<br><br>Defendant. | **CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>06 Civ. 13565 (SCR) |

    The following Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel for the parties, pursuant to Rules 26(f) and 16 of the Federal Rules of Civil Procedure.

    The case is to be tried to a jury.

    Joinder of additional parties must be accomplished by July 1, 2007, absent leave of Court.

    Amended pleadings may be filed until August 17, 2007, absent leave of Court.

**Discovery:**

1.    PSI will produce the complete source code for the PSI system (the "Source Code") to counsel for IBM by May 10, 2007.

2.    PSI will deliver a PSI system (the "Machine"), and all associated manuals, handbooks, and the like (the "Customer Deliverables") to IBM by May 17, 2007. For purposes of this Order, the Machine will be a PSI System including an H-P Integrity Superdome Server, configured with all PSI software and/or firmware, and any other third party hardware, software, or peripherals provided to a customer. PSI will sell the Machine to IBM for an agreed-upon price. Delivery will be made to IBM Corporation, Building 70, 2455 South Road, Poughkeepsie, NY 12601. PSI will provide usual and customary assistance comparable to that which PSI would provide to any customer to ensure that IBM is able to properly operate the PSI system, including the z/OS-related functionality of the PSI system.

3.    PSI and IBM will work together so that the Machine is Initial Program Loaded with IBM's operating systems and fully operational by May 18, 2007.

4.    IBM will serve its Preliminary Infringement Contentions by September 5, 2007, including:

        a.    An identification of each claim of each patent in suit that is allegedly infringed by PSI;

USDC SDNY
DOCUMENT
ELECT...

  b. For each asserted claim, an identification of each accused apparatus, product, device, process, method, act, or instrumentality ("Accused Instrumentality") of which IBM is then aware;

  c. A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that IBM contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or materials in the Accused Instrumentality that performs the claimed function;

  d. Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality; and

  e. For each patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled.

  f. For each patent, IBM shall separately identify by production number each of the following categories of documents:

   (1) Documents (*e.g.*, contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. IBM's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

   (2) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to ¶ 4(e), whichever is earlier; and

   (3) A copy of the file history for each patent in suit.

5. PSI will serve its Preliminary Invalidity Contentions by October 22, 2007, including:

  a. The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved and the circumstances surrounding the making of the invention before the patent applicant(s);

   b. Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

   c. A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that PSI contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function;

   d. Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims; and

   e. A copy of (i) each item of prior art identified pursuant to ¶ 5(a) which does not appear in the file history of the patent(s) at issue (to the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced); and (ii) source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of any Accused Instrumentalities identified by IBM in the chart it provides pursuant to ¶ 4.

6. If the activities contemplated in paragraphs 1 through 3 are not accomplished by the deadlines set forth in those paragraphs, the deadlines set forth in paragraphs 4 and 5 and the deadline for amending the pleadings will be extended by a commensurate period and the parties will discuss whether adjustments should be made to other deadlines set forth in this Order.

7. On November 1, 2007, or in any event not later than 10 days after service of PSI's Preliminary Invalidity Contentions, the parties shall simultaneously exchange their lists of "Proposed Terms and Claim Elements for Construction." These lists shall include claim terms, phrases, or clauses which each party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6). The parties shall thereafter meet and confer for the purposes of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.

8. On November 21, 2007, or in any event not later than 20 days after the exchange of the parties' Proposed Terms and Claim Elements for Construction, the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall also, for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element. At the same time the parties exchange their respective Preliminary Claim Constructions, they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony. The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

9.  On December 21, 2007, or in any event not later than 60 days after service of PSI's Preliminary Invalidity Contentions, the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

> a.  The construction of those claim terms, phrases, or clauses on which the parties agree;
>
> b.  Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;
>
> c.  The anticipated length of time necessary for the Claim Construction Hearing;
>
> d.  Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and
>
> e.  A list of any other issues which might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing, and proposed dates, if not previously set, for any such prehearing conference.

10. On January 8, 2007, IBM shall serve and file an opening brief and any evidence supporting its claim construction. On January 22, PSI shall serve and file its responsive brief and supporting evidence. On January 29, IBM shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

11. ~~Subject to the convenience of the Court's calendar, the~~ Court shall conduct a Claim ~~Construction Hearing some time during the week beginning February 11, 2008.~~

12. Fact discovery is to be completed by March 1, 2008.

   a.  Unless counsel agree otherwise or the Court so orders, depositions are not to be held until all parties have responded to any first requests for production of documents.

   b.  Depositions shall proceed concurrently.

   c.  Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

10. Initial expert reports on issues on which each party bears the burden of proof to be served no later than April 1, 2008.

11. Expert rebuttal reports to be served no later than May 1, 2008.

12. All discovery is to be completed by July 1, 2008.

13. Dispositive motions to be served no later than July 15, 2008. Responses to dispositive motions to be served no later than August 15, 2008. Replies to be served by September 1, 2008. Each party may serve more than one dispositive motion and may serve such motions at any time.

Joint Pretrial Order is required only if counsel for all parties agree that it is desirable, or the Court so orders.

This case has been designated to the Hon. Mark D. Fox, United States Magistrate Judge at White Plains for discovery disputes if the Court is "unavailable" and for trial under 28 U.S.C. § 636(c) if counsel execute their consent in writing.

Strict compliance with the trial readiness date will be required. This Plan and Order may not be changed without leave of the Court, except that upon signing a Consent for Trial Before a United States Magistrate Judge, the Magistrate Judge will establish an agreed date certain for trial and will amend this Plan and Order to provide for trial readiness consistent with that agreed date.

White Plains, New York

Dated: ~~May~~ June 19, 2007

SO ORDERED

/s/ Stephen C. Robinson
Stephen C. Robinson U.S.D.J.