*Robinson, J*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

Plaintiff,

-vs.-

PLATFORM SOLUTIONS, INC.,

Defendant.

Civil Action No. 06 CV 13565 (SCR)

**STIPULATION ON DEPOSITION PROCEDURES**

International Business Machines Corporation ("IBM") and Platform Solutions, Inc. ("PSI") hereby stipulate as follows:

1. The limitation on the number of depositions set forth in Fed. R. Civ. P. 30(b)(2)(A) shall be modified as set forth herein, without prejudice to the right of either party to seek leave of Court for additional depositions for good cause pursuant to that Rule. This stipulation does not modify the one deposition per witness rule set forth in Fed. R. Civ. P. 30(a)(2)(B). Except as expressly set forth herein, this stipulation does not modify the time limit for each deposition set forth in Fed. R. Civ. P. 30(d)(2).

2. Each party may take the depositions of 17 fact witnesses employed by the opposing party, including inventors.

3. Each party may take the depositions of 17 third-party witnesses, including inventors, if any, not employed by a party.

4. In addition to the depositions set forth above, each party is allocated a total of 28 hours of time for Rule 30(b)(6) depositions. Topics to be covered in Rule 30(b)(6) depositions

GL590/2173628.1

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

shall be set forth individually. Each party is limited to a reasonable number of individual topics, consistent with the overall limitation on the number of available hours. Individual Rule 30(b)(6) depositions are not subject to the time limit set forth in Fed. R. Civ. P. 30(d)(2) as long as the overall number of hours used by a party do not exceed the limit set forth above.

5. Each party may take one deposition of each designated testifying expert. The parties have agreed to discuss whether the time limit set forth in Fed. R. Civ. P. 30(d)(2) should be applicable to expert depositions following the delivery of expert reports.

6. In addition to the depositions set forth above, each party will make available for deposition any person listed on its list of trial witnesses who is employed by that party and who has not been previously deposed as soon as possible after witnesses lists are exchanged. Each party will use best efforts to make available for deposition any third-party trial witnesses (*i.e.*, those not employed by the designating party or the opposing party) who have not been previously deposed as soon as possible after witness lists are exchanged.

7. The parties will use best efforts to conduct depositions of witnesses employed by the opposing party in alternate weeks. Each party may take no more than three depositions of witnesses employed by the opposing party in any given week.

8. IBM has agreed to work to schedule three depositions of IBM witnesses during the week of September 24, 2007 from the list of witnesses previously provided by PSI.

9. The parties recognize that party witnesses who may be deposed in this case have many conflicting obligations and will use best efforts to provide as much advance notice as possible of their desire to depose named party witnesses and to schedule the depositions of party witnesses at mutually convenient times.

10.  Parties may choose to take depositions before the opposing party's document production is substantially complete. If so, the fact that document production was not substantially complete at the time a witness is deposed will not provide a basis for modifying the rule set forth in Fed. R. Civ. P. 30(a)(2)(B) unless the deposing party was not advised prior to taking the deposition that the document production was not substantially complete. The parties will use best efforts to substantially complete their document productions in advance of the week of September 24, 2007 but recognize that this may not be feasible.

11.  The parties have agreed to revisit the limits set forth herein in the event that either party makes a substantial amendment to its pleadings.

Dated: July 26, 2007
New York, New York

*/s/ Richard I. Werder, Jr.*
Richard I. Werder, Jr.
QUINN EMANUEL URQUHART OLIVER
 & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

Attorneys for Plaintiff

*/s/ Steven D. Susman* (by RIW)
Steven D. Susman
SUSMAN GODFREY L.L.P.
590 Madison Avenue, 8th Floor
New York, New York 10022
(212) 336-8330

Attorneys for Defendant

SO ORDERED

*/s/ Jonathan C. Kollman*
USDJ

GL590/2173628.1                                3

dated: July 30, 2007