IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Plaintiff,<br><br>- against -<br><br>PLATFORM SOLUTIONS, INC.,<br><br>Defendant. | **AMENDED CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>06 Civ. 13565 (SCR) |

The following Amended Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel for the parties, pursuant to Rules 26(f) and 16 of the Federal Rules of Civil Procedure. Deadlines established in the Order entered on June 14, 2007 that have already passed are not repeated in this Order.

The case is to be tried to a jury.

1.  PSI will serve its Preliminary Invalidity Contentions by November 15, 2007, including:

    a.  The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved and the circumstances surrounding the making of the invention before the patent applicant(s);

    b.  Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

    c.  A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that PSI contends is

governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function;

    d.    Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims; and

    e.    A copy of (i) each item of prior art identified pursuant to ¶ 1(a) which does not appear in the file history of the patent(s) at issue (to the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced); and (ii) source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of any Accused Instrumentalities identified by IBM in the chart it provided with its Preliminary Infringement Contentions pursuant to ¶ 4 of this Court's Order of June 14, 2007.

2.    On November 30, 2007, the parties shall simultaneously exchange their lists of "Proposed Terms and Claim Elements for Construction." These lists shall include claim terms, phrases, or clauses which each party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6). The parties shall thereafter meet and confer for the purposes of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.

3.    On January 4, 2008, the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall also, for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element. At the same time the parties exchange their respective Preliminary Claim Constructions, they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony. The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

4.    On January 18, 2008, the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

    a.    The construction of those claim terms, phrases, or clauses on which the parties agree;

    b.    Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not

limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

      c.    The anticipated length of time necessary for the Claim Construction Hearing;

      d.    Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and

      e.    A list of any other issues which might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing, and proposed dates, if not previously set, for any such prehearing conference.

5.    On February 18, 2008, IBM shall serve and file an opening brief and any evidence supporting its claim construction. On March 18, 2008, PSI shall serve and file its responsive brief and supporting evidence. On April 1, 2008, IBM shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

6.    Fact discovery is to be completed by April 1, 2008.

      a.    Unless counsel agree otherwise or the Court so orders, depositions are not to be held until all parties have responded to any first requests for production of documents.

      b.    Depositions shall proceed concurrently.

      c.    Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

10.    Initial expert reports on issues on which each party bears the burden of proof to be served no later than May 1, 2008.

11.    Expert rebuttal reports to be served no later than June 2, 2008.

12.    All discovery is to be completed by July 15, 2008.

13.    Dispositive motions to be served no later than August 8, 2008. Responses to dispositive motions to be served no later than September 10, 2008. Replies to be served by September 25, 2008. Each party may serve more than one dispositive motion and may serve such motions at any time.

    Joint Pretrial Order is required only if counsel for all parties agree that it is desirable, or the Court so orders.

    This case has been designated to the Hon. Mark D. Fox, United States Magistrate Judge at White Plains for discovery disputes if the Court is "unavailable" and for trial under 28 U.S.C. § 636(c) if counsel execute their consent in writing.

    Strict compliance with the trial readiness date will be required. This Amended Plan and Order may not be changed without leave of the Court, except that upon signing a Consent for Trial

Before a United States Magistrate Judge, the Magistrate Judge will establish an agreed date certain for trial and will amend this Plan and Order to provide for trial readiness consistent with that agreed date.

This Amended Plan and Order has been submitted without prejudice to or waiver of either party's right to move the Court, at a later point in the case, to further alter the schedule based on developments in the case occurring either before or after the entry of this Order.

White Plains, New York                                       SO ORDERED

Dated: Nov. 27, 2007

_____
Charles L. Brieant, U.S.D.J.

*A status conference is scheduled before this Court on February 1, 2008. Status conference previously scheduled for December 10, 2007 is cancelled.*

*So Ordered*
*Nov. 28, 2007*

_____
Charles L. Brieant
USDJ

# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
5TH FLOOR
654 MADISON AVENUE
NEW YORK, NEW YORK 10065
WWW.SUSMANGODFREY.COM

| SUITE 5100 | SUITE 950 | SUITE 3800 | SUITE 6100 |
|---|---|---|---|
| 901 MAIN STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE | 1000 LOUISIANA STREET |
| DALLAS, TEXAS 75202-3775 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 | HOUSTON, TEXAS 77002-5096 |
| (214) 754-1900 | (310) 789-3100 | (206) 516-3880 | (713) 651-9366 |

STEPHEN D. SUSMAN
DIRECT DIAL (212) 336-8331

DIRECT DIAL FAX (212) 336-8340
E-MAIL SSUSMAN@SUSMANGODFREY.COM

**By Fax**                                                31 October 2007

United States Courthouse
Chambers of the Hon. Charles L. Brieant
300 Quarropas St., Room 275
White Plains, NY 10601

  Re: *IBM v. PSI*, 06-cv-13565

Dear Judge Brieant:

The parties in the above-referenced action have agreed upon an amended schedule to govern this case. Copies of the current scheduling order (entered by Judge Robinson on 14 June 2007) and the parties' proposed amended scheduling order (submitted here for your approval) are enclosed.

Sincerely,

Stephen D. Susman
*Attorney for PSI*

Richard Werder
*Attorney for IBM*