IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>          Plaintiff,<br><br>v.<br><br>PLATFORM SOLUTIONS, INC.,<br><br>          Defendant. | Civil Action No. 06-cv-13565 (CLB) (MDF)<br><br>**JURY TRIAL DEMANDED**<br><br>(electronically filed) |

**DEFENDANT AND COUNTERCLAIMANT PLATFORM SOLUTIONS, INC.'S RESPONSE TO T3 TECHNOLOGIES INC.'S MOTION TO INTERVENE**

Platform Solutions, Inc. ("PSI"), the defendant and counterclaimant in the above-styled cause, hereby responds to T3 Technologies, Inc.'s motion to intervene as a counterclaim-plaintiff. PSI agrees that T3 Technologies, Inc. ("T3") has substantial antitrust claims that share many common questions of fact and law with PSI's counterclaims. PSI, however, opposes intervention, and instead supports the consolidation and coordination of T3's claims as a separate case to allow flexibility in the future litigation and trial of these cases and to ensure that the litigation of claims and counterclaims involving T3 will not lead to any delay in the trial of this case.

Maintaining the schedule set by this Court is critical for PSI's business, which has been essentially shut down by IBM's actions. T3's motion to intervene comes approximately four months before fact discovery is scheduled to close and over ten months after PSI filed its counterclaims. PSI is extremely concerned that permitting outright intervention at this stage may—or may by used by IBM to argue for a—delay of

1

the proceedings. PSI believes that consolidating for pretrial purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure presents a more appropriate and flexible approach to coordinating these actions at this stage. Accordingly, PSI respectfully requests that the Court deny T3's motion to intervene and instead permit T3 to file its own action, consolidate the actions for pretrial purposes, and defer a decision on whether to consolidate for all purposes to a later date.

## BACKGROUND

PSI and IBM are competitors in the market for mainframe computers. PSI, like IBM, sells several models of its mainframe computers, each with various processing capabilities. PSI's smallest model is the Liberty Server, which is capable of performing at or below 350 millions of processes per second ("MIPS"). PSI's higher end mainframe computers, by contrast, are capable of performing at levels exceeding 1000 MIPS.

Since 2006, T3 has marketed and sold PSI's Liberty Servers. From 2001 to 2006, T3 also marketed and sold smaller IBM-compatible computers which use software developed by Fundamental Software, Inc. ("FSI"). T3's petition is premised on IBM's actions towards both PSI and FSI.

IBM filed suit on November 29, 2006 against PSI seeking a declaratory judgment that its refusal to license its operating systems to users of PSI's mainframes did not violate the antitrust laws, and also alleging patent infringement and breach of contract. On January 20, 2007, PSI counterclaimed against IBM, alleging, *inter alia*, tying under Section 1 of the Sherman Act and Section 3 of the Clayton Act, monopolization and attempted monopolization under Section 2 of the Sherman Act, unfair competition, tortious interference, and promissory estoppel.

On June 14, 2007, this Court entered a scheduling order setting fact discovery cut-off for March 1, 2008 and dispositive motion cut-off of July 15, 2008. *See* Civil Case Discovery Plan and Scheduling Order dated June 14, 2007. After IBM amended its complaint on August 17, 2007 to add additional claims, including six additional patent infringement claims, the scheduling order was amended to provide as follows:

- Fact discovery cut-off of April 1, 2008;

- Initial expert reports due May 1, 2008;
- All discovery to be completed by July 15, 2008;
- Dispositive motions due no later than August 8, 2008.

*See* Amended Civil Case Discovery Plan and Scheduling Order dated November 27, 2008.

To date, over 10 million pages of documents have been produced by the parties, dozens of third party subpoenas have issued, three depositions have been taken, and additional depositions—including those of senior IBM executives—are scheduled for January 2008. Because IBM is the seller of the dominant mainframe operating system, z/OS, IBM's refusal to license its operating systems to customers using PSI's mainframes has crippled PSI's business, making an early trial date essential.

## ARGUMENT

### A. T3's motion to intervene should be denied in favor of consolidation because it is untimely

Both Rule 24(a)(2), governing intervention as a right, and Rule 24(b), governing permissive intervention, require that the motion to intervene be timely filed. *See Catanzano by Catanzano v. Wing*, 103 F.3d 223, 234 (2d Cir. 1996); *see also NAACP v. New York*, 413 U.S. 345, 365 (1973) ("Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.' If it is untimely, intervention must be denied."). The factors to consider in determining timeliness include: "(a) the length of time the applicant knew or should have known of [its] interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to [the] applicant if the motion is denied; and (d) [the] presence of unusual circumstances militating for or against a finding of timeliness." *United States v. New York*, 820 F.2d 554, 557 (2d Cir. 1987).

None of these factors militate in favor of a finding of timeliness here. It has been ten months since PSI's initial counterclaims were filed. While T3 asks the Court to analyze timeliness by reference to PSI's amended counterclaims, those counterclaims are

3

not materially different than the counterclaims initially filed by PSI in January 2007. Accordingly, the first factor weighs against a finding of timeliness.

Second, as discussed above, keeping the current schedule is of paramount importance to PSI, and any delay would severely prejudice PSI's rights. While PSI believes that, in all likelihood, T3 and PSI can work together to maintain the existing schedule, the risk that permitting outright intervention by T3 could delay the schedule—or be used by IBM to argue for a delay in the schedule—weighs against a finding of timeliness.

Third, T3 cannot show any prejudice that would result from consolidation as opposed to intervention. If the litigation proceeds as planned and on the current schedule, PSI would likely not oppose consolidating the actions for all purposes, including trial. For all practical purposes, that would be the same result that T3 seeks through intervention. *See U.S. v. Yonkers Bd. of Ed.,* 518 F. Supp. 191, n. 14 (S.D.N.Y. 1981) (noting that there is often no practical difference between consolidation and invention)*; see also Davis v. Board of School Com'rs of Mobile County,* 517 F.2d 1044, 1049 (5th Cir. 1975) ("The difference between consolidation and intervention in the context of this type proceeding is semantical in nature with any difference being gossamer."). Accordingly, this factor also weights against a finding of timeliness.

## B. Consolidation for pre-trial purposes is a more appropriate method of coordinating the actions at this stage

Rule 42(a) of the Federal Rules of Civil Procedure, which governs consolidation, provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The primary difference between intervention pursuant to Rule 24 and consolidation pursuant to Rule 42(a) is that consolidation is a more flexible procedural device. While intervention generally subsumes the secondary action into the primary

4

action for all purposes, with consolidation, "the [c]ourt retains a flexibility of control that allows the cases to proceed jointly in those matters in which joint proceedings would be effective, and to be treated separately should separation be indicated." *Brewer v. Republic Steel Corp.*, 64 F.R.D. 591, 594 (N.D. Ohio 1974).

Given the possibility that T3's intervention could be used to alter the schedule set by this Court and thereby prejudice PSI's rights, PSI respectfully submits that consolidation is a more appropriate method of coordinating the proceedings than intervention. Ordering pre-trial consolidation only will enable to Court to defer a decision on whether the actions should be joined for all purposes until IBM answers T3's complaint and until the parties have a better idea of how discovery is proceeding with all parties involved.

## **CONCLUSION**

PSI fully supports T3's claims and the coordination of the actions. However, given the status of the litigation and the importance of an early trial date to PSI, PSI respectfully submits that consolidation is a more appropriate vehicle for coordination of the actions than intervention, and therefore opposes T3's motion to intervene.

/ / /

/ / /

/ / /

732010v1/08384-009947

Dated: December 11, 2007.  **SUSMAN GODFREY L.L.P.**

By: /s/ Ryan C. Kirkpatrick

    Stephen D. Susman
    Jacob Buchdahl
    Tibor L. Nagy
    SUSMAN GODFREY L.L.P.
    654 Madison Avenue, 5th Floor
    New York, NY 10022
    (212) 336-8330

    Stephen Morrissey
    Ryan C. Kirkpatrick
    SUSMAN GODFREY L.L.P.
    1901 Avenue of the Stars, Suite 950
    Los Angeles, CA 90069
    (310) 789-3100

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing document PLATFORM SOLUTIONS, INC.'S RESPONSE TO T3 TECHNOLOGIES, INC.'S MOTION TO INTERVENE has been served on this 11th day of December, 2007, via electronic mail:

Richard I. Werder, Jr.
Edward J. Defranco
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 849-7000

Attorneys for Plaintiff
International Business Machines Corporation

David L. Patrón
Brent Barriere
Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Direct: 504.584.9295

Bruce Gerstein
Elena K. Chan
Garwin Gerstein & Fisher LLP
1501 Broadway, Suite 1416
New York, NY 10036
(212) 398-0055 Phone
(212) 764-6620 Fax

Attorneys for Movant
T3 Technologies, Inc.

                                                                                                 ___/s/ Ryan Kirkpatrick
                                                                                                     Ryan Kirkpatrick

732010v1/08384-009947