IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PLATFORM SOLUTIONS, INC.,<br><br>Defendant. | No. 06-CV-13565 (CLB)(MDF) |

**INTERNATIONAL BUSINESS MACHINES CORPORATION'S RESPONSE TO T3 TECHNOLOGIES INC.'S MOTION TO INTERVENE**

Plaintiff and Counterclaim Defendant International Business Machines Corporation ("IBM") hereby responds to the Motion to Intervene as Counterclaim-Plaintiff of T3 Technologies Inc. ("T3"). IBM does not object to T3's intervention because T3 is selling the products involved in this action and is therefore infringing the same IBM patents that are infringed by its business partner and licensor, Platform Solutions, Inc. ("PSI"), and because intervention under the circumstances set forth in T3's motion will serve the interests of judicial economy.

IBM believes, however, that T3's presence in the case as both a defendant and a counterclaim-plaintiff is most consistent with the allegations of IBM's Amended Complaint, T3's arguments in favor of intervention, and the salient purposes of Rule 24 of the Federal Rules of Civil Procedure. IBM therefore requests that the Court approve T3's motion to intervene, but recognize T3 as an intervenor defendant on Counts 1-10 of IBM's Amended Complaint -- which set forth IBM's claims for patent infringement against PSI -- as well as on the counterclaims of PSI.

1

Based on discussions with counsel for T3, IBM understands that T3 does not object to participating in this case as a defendant on IBM's patent infringement claims, but reserves all substantive defenses it may have to IBM's claims. IBM for its part also reserves all substantive defenses to the claims asserted by PSI and T3.

## **ARGUMENT**

IBM believes that permitting T3 to intervene in the pending action is most consistent with judicial economy. A separate lawsuit by T3, which is closely aligned with PSI as a licensee and distributor of PSI's product, would elevate form over substance and serve no useful purpose, particularly if, as PSI's response to T3's motion recognizes (PSI Resp. 2), a separate action would immediately be consolidated with this action pursuant to Fed. R. Civ. P. 42(a). While PSI opposes T3's motion to intervene, PSI cannot deny that the most efficient way to allow T3 to participate in the ongoing dispute in which it claims an interest is through intervention in the pending case.

T3's intervention, however, should not be limited to its role as a counterclaim-plaintiff. In support of its request that T3's intervention be conditioned on T3's full participation as both a counterclaim-plaintiff and a defendant, IBM states as follows:

1. <u>T3's participation as a defendant as well as a counterclaim-plaintiff is most consistent with IBM's Amended Complaint:</u> As T3 freely acknowledges, T3 is selling PSI's product. (T3 Mem. 3). Based on information provided by PSI in discovery, IBM understands that the version of PSI's emulator sold by T3 is identical to the version that IBM has examined pursuant to this Court's order of June 14, 2007, which required, among other things, the delivery of source code for PSI's emulator to IBM for examination. As a result, T3 is infringing IBM's patents to the same extent that PSI is infringing those patents, and T3 would be subject to the injunction sought by IBM based on PSI's infringement of IBM patents. (T3 Mem. 6). Although the Amended Complaint does not

expressly identify T3 as a patent infringer, T3 is a "person acting in active concert or participation with" PSI (Amended Complaint, at Prayer for Relief (a), (b), (d)), and IBM is prepared to make a further amendment promptly, adding T3's name where appropriate. Adding T3 as a defendant on the patent infringement counts of IBM's Amended Complaint will not expand the scope of the patent-related claims and should not result in any undue delay of these proceedings.

2. <u>T3's participation as a defendant is most consistent with T3's arguments in favor of intervention:</u> One of T3's stated purposes for intervening is to "defend itself against IBM's request for an injunction that could potentially prevent T3 from making, using, or distributing IBM-compatible open-architecture mainframe computer systems that contain PSI-technology." (T3 Mem. 6). Surprisingly, in light of this stated purpose for intervention, T3 chose not to intervene as a defendant on IBM's patent infringement claims. In order to "defend itself" against IBM's request for an injunction, T3 must be a defendant on the IBM claims that form the basis for injunctive relief.

3. <u>T3's participation as a defendant is most consistent with the salient purposes of Rule 24:</u> As T3 notes in its moving papers (T3 Mem. 4), intervention under Rule 24 is intended to foster judicial economy. IBM believes that T3's participation in this case as an intervenor is consistent with that objective because it will be far more efficient to adjudicate T3's claims against IBM as part of the already-pending litigation than to begin separate proceedings on those claims. Separate proceedings would be costly and inefficient and -- in light of the overlap between T3's claims and those asserted by PSI -- would waste judicial resources and those of the parties.

T3's claims against IBM, however, do not stand alone. They are part and parcel of the affirmative patent infringement claims that IBM has brought against PSI and that lie equally against T3. Accordingly, T3 should be treated as an intervenor not only for the purpose of asserting its own claims against IBM, which track those previously asserted by PSI, but also for purposes of resolving

IBM's patent infringement claims against T3, which are identical to the patent infringement claims IBM has brought against T3's licensor and business partner, PSI.

An intervenor may only maintain a counterclaim against the plaintiff in an action if the intervenor itself is potentially liable for the plaintiff's original claims in the action. *See Siteworks Contracting Corp. v. Western Surety Co.*, 461 F. Supp. 2d 205 (S.D.N.Y. 2006) (denying supplemental jurisdiction over intervenor's counterclaims where intervenor could not be held liable for plaintiff's claims against original defendants). It is undisputed that T3 is potentially liable on IBM's claims. And there can be no hardship on T3 to defend against IBM's claims. "When a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party. The intervenor renders itself 'vulnerable to complete adjudication by the federal court of the issues in litigation between the intervenor and the adverse party.' It is said to assume the risk that its position will not prevail and that an order adverse to its interests will be entered." *Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1017 (D.C. Cir. 1985) (internal citations omitted). "'[T]he possibility that the plaintiff will be able to obtain relief against the intervenor-defendant' is part of the 'price' paid for intervention." *Id.* (internal citations omitted).

Finally, allowing T3 to intervene but conditioning its intervention on full participation as both a defendant and a counterclaim-plaintiff will not unduly delay this case. *See H.L. Hayden Co. v. Siemens Med. Sys., Inc.*, 797 f.2d 85, 89 (2nd Cir. 1986). Discovery has been progressing in the case for a number of months, but despite their best efforts to accelerate and complete the document production process, IBM and PSI are still producing documents. To date, only three depositions have been conducted, as document production has been ongoing and has resulted in a massive exchange of millions of pages of documents (IBM has to date produced over six million pages).

4

T3's claims do introduce a number of discovery issues not presented by PSI's claims, and T3's participation in the case therefore will likely require some alteration of the existing scheduling order and discovery deadlines. IBM believes, however, that modification of the scheduling order will be necessary with or without T3's participation in the case,[1] and that the additional discovery necessitated by T3's claims can be conducted and concluded within a time period that would reflect reasonable extensions of the existing discovery deadlines and the other dates reflected in the Court's Scheduling Order.

\*    \*    \*

For these reasons, T3 should be permitted to intervene, but it should be treated as an intervenor for all purposes, including as a defendant on IBM's patent infringement claims.

---

[1] PSI's response to T3's motion points out (PSI Resp. 2) that the discovery schedule for this case was altered by agreement of the parties following the amendment of IBM's complaint on August 17th. While it is true that the change to the discovery schedule followed the amendment to the complaint, the discussions that led to the change in fact stemmed from PSI's request for an extension of a pre-existing deadline. As stated in the last paragraph of the Court's November 27th Scheduling Order, the revised schedule was entered without prejudice to either party's right to seek further modification of the schedule.

DATED:   New York, New York
           December 12, 2007        QUINN EMANUEL URQUHART OLIVER &
                                                 HEDGES, LLP

By: /s/ Richard I. Werder, Jr.

Richard I. Werder, Jr. (RW-5601)
Edward J. DeFranco (ED-6524)
Philippe Selendy (PS-6972 )
51 Madison Avenue
22nd Floor
New York, New York  10010-1601
(212) 849-7000

Frederick A. Lorig
865 S. Figueroa Street
Los Angeles, California  90017
(213) 443-3000

Attorneys for Plaintiff
International Business Machines Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the <u>International Business Machines Corporation's Response to T3 Technologies Inc.'s Motion to Intervene</u> have been caused to be served on all counsel of record via Electronic Case Filing.

Andrew B. Curran