**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **INTERNATIONAL BUSINESS MACHINES CORPORATION,**<br><br>Plaintiff and<br>Counterclaim-Defendant,<br><br>v.<br><br>**PLATFORM SOLUTIONS, INCORPORATED,**<br><br>Defendant and<br>Counterclaim-Plaintiff. | No. 06-cv-13565 (CLB)(MDF) |

## REPLY MEMORANDUM IN SUPPORT OF T3 TECHNOLOGIES INC.'S MOTION TO INTERVENE AS COUNTERCLAIM-PLAINTIFF

T3 Technologies Inc. ("T3") respectfully submits this reply memorandum in support of its motion to intervene. As set out in its opening brief, T3 seeks to intervene because it has an interest in the antitrust counterclaims asserted by counterclaim-plaintiff, Platform Solutions, Inc. ("PSI") against counterclaim-defendant, International Business Machines Corporation ("IBM").

All of the parties are in apparent agreement that there is substantial overlap between the claims of T3 and PSI against IBM and that T3's claims are predicated in part on IBM's allegedly improper exclusion of PSI's technology from the market. IBM does not oppose intervention, but instead invites it. IBM Memo. at 1. According to IBM, permitting T3 to intervene in the pending action is most consistent with judicial economy, and a separate lawsuit by T3 "would elevate form over substance and serve no useful purpose." *Id.* at 2. Although PSI opposes T3's motion, "PSI fully supports T3's claims and the coordination of the actions." PSI's Memo. at 5. "PSI agrees that T3 has substantial antitrust claims that share many common questions of fact and law with PSI's counterclaims." *Id.* at 1. Instead of intervention, PSI proposes consolidation

of the two actions for pretrial purposes due to its desire to keep the current schedule. *Id.* at 4.

PSI's consolidation proposal leaves open the specter of this Court conducting multiple, lengthy trials on exactly the same issues. It would be far more efficient to have the factual issues resolved for both PSI and T3 simultaneously before the same court and fact finders rather than subjecting the Court and the parties to the expense of duplicative – and potentially inconsistent – proceedings. Unlike consolidation, intervention in this case would "foster economy of judicial administration and to protect [T3] from having [its] interests adversely affected by litigation conducted without [its] participation." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (5th Cir. 1977).

Although T3 understands and shares PSI's desire to keep the current trial schedule, T3 is entitled to intervene.[1] T3 did not unduly delay filing its intervention after learning of PSI's claims. T3 only learned of PSI's claims months after the filing of this lawsuit, which itself only occurred a year ago. T3 promptly filed its motion to intervene after securing counsel and investigating its legal claims. Both IBM and PSI have acknowledged that T3 has a direct, substantial, and legally protectable interest that may be impaired by the disposition of this action. Any action taken in this proceeding could directly and substantially impact T3's business. T3 has a legal right to participate in the briefing, presentation of evidence, and appeal determinations made with respect to this case. Precluding T3's intervention will undoubtedly impede T3's ability to protect its interests. Furthermore, some key differences between PSI's and T3's interests, such as PSI's focus on larger data centers, may affect PSI's ability to represent T3's interests in this litigation.

---

[1] *Oneida Indian Nation of Wisconsin v. State of N.Y.*, 732 F.2d 261, 265 (2d Cir. 1984) (J. Brieant sitting by designation) (holding that intervenors may intervene as a matter of right because there is a substantial likelihood that their claims and interests may be adversely affected at least by principles of *stare decisis*, arising out of the final judgment to be entered in this case) (*citing New York Public Interest Research Group, Inc. v. The Regents of the University of the State of New York*, 516 F.2d 350, 352 (2d Cir.1975)).

Intervention would not prejudice IBM or PSI. PSI acknowledges that T3 and PSI can work together to maintain the existing schedule and admits that it likely would not oppose consolidating the actions for all purposes, including trial, if the litigation proceeds as planned. PSI's Memo. at 4. For its part, IBM concedes that allowing T3 to intervene will not unduly delay this case. IBM Memo. at 4. Discovery is still very much in its early stages, with documents still being produced and only three depositions have been taken. T3 has no interest in delaying the case because its business has been essentially shut down by IBM's actions. On these facts, permissive intervention is certainly within the Court's discretion and should be allowed.[2]

The cases PSI cites in its opposition either are inapposite or actively support T3's motion. For example, PSI cites cases denying motions to intervene as untimely when the delay at issue is in no way analogous to the present case. Indeed, the delays in those cases far exceed the entire duration of this case.[3]

In other instances, PSI's authorities rejected similar proposals to consolidate in favor of intervention. For example, in *U.S. v. Yonkers Bd. of Ed.,* 518 F. Supp. 191, 202 (S.D.N.Y. 1981), the intervenors' application, as here, had been timely filed at an early stage of the proceedings by and on behalf of people directly interested in the litigation. As here, it was beyond dispute that the intervenors' proposed complaint contains claims having questions of law

---

[2] *U.S. v. American Cyanamid Co.*, 719 F.2d 558, 563 (2d Cir. 1983) (affirming Judge Brieant's granting of motion to intervene and concluding that the applicants' claims are directly related to the ultimate questions herein, and that no undue delay would result from granting leave to intervene); *United States Postal Service v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978) ("Permissive intervention is wholly discretionary with the trial court.... The trial court's discretion is very broad.").

[3] *See, e.g., Catanzano by Catanzano v. Wing*, 103 F.3d 223, 233-234 (2d Cir.1996) (finding court did not abuse its discretion in denying intervention as untimely where intervenors waited at least 18 months and probably years before filing intervention); *United States v. New York*, 820 F.2d 554, 557 (2d Cir.1987) (15 month delay held untimely); cf. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 262 (5th Cir.1977) (one month delay not untimely).

and fact in common with the main action.  As here, one party did not oppose intervention, but another did oppose because, *inter alia*, the intervenors will suffer no harm if intervention is denied because they can bring a separate action.  The court granted the intervention and described the opposition as "meritless."  In so ruling, the court held that "[t]he intervenors do not propose to alter the basic factual context of the original action, and the additional legal claims asserted by them based on those facts will be most economically resolved in this action, rather than in a separate action.  *Id.* at 202-203.  Moreover, the court was "unpersuaded that counsel acting in good faith would be unable to schedule discovery proceedings, or that any other undue delay or prejudice would result from the granting of intervenors' application."  The court explicitly rejected a proposed consolidation.  *Id.*; *see also Davis v. Board of School Com'rs of Mobile County,* 517 F.2d 1044, 1049 (5th Cir. 1975) (rejecting consolidation and finding that "[i]ntervention will serve to avoid a proliferation of litigation over the same subject matter").

For the same reasons, T3's motion should be granted.

Dated: December 18, 2007                      Respectfully submitted,

Bruce E. Gerstein (BG-2726)
Noah Silverman (NS-5728)
Elena K. Chan (EC-2337)
**GARWIN GERSTEIN & FISHER LLP**
1501 Broadway, Suite 1416
New York, New York 10036
Tel.: 212-398-0055
Fax: 212-764-6620

David L. Patrón
Brent Barriere
Harry Barton
Skylar Rosenbloom
**PHELPS DUNBAR LLP**
Canal Place

365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Tel.: 504-566-1311
Fax: 504-568-9130

*Attorneys for T3 Technologies Inc.*

## CERTIFICATE OF SERVICE

I, Elena K. Chan, hereby certify that on December 18, 2007, I electronically filed the foregoing Reply Memorandum in Support of T3's Motion to Intervene as Counterclaim-Plaintiff, using the CM/ECF system, which sent notification of such filing to the following:

| | |
|---|---|
| David L. Elsberg | davidelsberg@quinnemanuel.com |
| Alexander Barnard | alexander.barnard@credit-suisse.com |
| Katherine Jane Weall | katherineweall@quinnemanuel.com |
| Frederick A. Lorig | fredericklorig@quinnemanuel.com |
| Edward J. DeFranco | eddefranco@quinnemanuel.com |
| Thomas D. Pease | thomaspease@quinnemanuel.com |
| Richard Walter Erwine | richarderwine@quinnemanuel.com |
| Morris Waisbrot | mwaisbrot@hhlaw.com |
| Steven M. Edwards | smedwards@hhlaw.com |
| Stephen Edward Morrissey | smorrissey@susmangodfrey.com |
| Stephen D. Susman | ssusman@susmangodfrey.com |
| Ryan C. Kirkpatrick | rkirkpatrick@susmangodfrey.com |
| Jacob W. Buchdahl | jbuchdahl@susmangodfrey.com |
| Tibor Ludovico Nagy | tnagy@susmangodfrey.com |

And to the following person via electronic mail:

| | |
|---|---|
| Richard I. Werder, Jr. | rickwerder@quinnemanuel.com |

Elena K. Chan