IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PLATFORM SOLUTIONS, INC. and T3 TECHNOLOGIES, INC.,<br><br>Defendants. | Civil Action No. 06-cv-13565-LAK (THK)<br><br>**JURY TRIAL DEMANDED**<br><br>[PUBLIC VERSION - REDACTED] |

**PLATFORM SOLUTION INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SUPPLEMENTARY MEMORANDUM OF LAW AND SUPPLEMENTARY RULE 56.1 STATEMENT IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

On April 16, 2008, Defendant and Counterclaimant Platform Solutions, Inc. ("PSI") filed a motion for summary judgment on Counts Eleven and Twelve of IBM's Second Amended Complaint. PSI's motion argued that IBM's trade secret claims, which center around PSI's receipt beginning in 1999 of diagnostic programs developed by Amdahl, are barred by the statute of limitations and IBM's failure to exert reasonable efforts to maintain secrecy under section 3426.1 of the California Uniform Trade Secrets Act. That motion is still pending before the Court.

On May 23, 2008, Fundamental Software Inc. ("FSI"), a third party and former IBM business partner, began producing documents in response to a subpoena issued by PSI on February 20, 2008. [Declaration of Ryan C. Kirkpatrick in Support of Motion for Leave and in Support of Supplementary Memorandum of Law ("Kirkpatrick Decl.") at ¶¶ 2-3, Exs. 1 & 2.]

[REDACTED]

PSI had no ability to discover or even to suspect these additional facts until FSI began producing documents. Although IBM was the author or recipient of all of these communications, they were not produced to PSI by IBM.[1] Further, PSI served an interrogatory on IBM in October 2007 [REDACTED] That response, in light of the newly produced evidence, is demonstrably false.

---

[1] Two of the relevant emails concerning Hercules' use of the Amdahl diagnostics were produced by IBM on May 2, 2008, after PSI filed its motion, and less than two weeks before FSI was scheduled to begin producing documents. [Kirkpatrick Decl. at ¶¶ 8-9.] IBM has failed to produce any of the other hundreds of relevant documents.

Because these facts were not available to PSI when it filed its initial motion, because they provide additional support for PSI's contention that IBM failed to exercise reasonable efforts to maintain secrecy of its alleged trade secrets, because they confirm that IBM knew exactly what diagnostics were being transferred to PSI, and because they prove that IBM was on notice that Amdahl believed it was permissible to allow the Amdahl diagnostics to be used by others, PSI respectfully requests leave to file a supplementary memorandum of law and a supplementary Rule 56.1 separate statement of facts, both of which are filed herewith. PSI has limited its argument to those facts recently discovered from FSI, except when necessary to connect those facts to those set forth in PSI's initial motion.

Dated: June 10, 2008

SUSMAN GODFREY L.L.P.

By: _____/s/ Jacob W. Buchdahl_____
Stephen D. Susman
Jacob W. Buchdahl
Tibor L. Nagy
SUSMAN GODFREY L.L.P.
654 Madison Ave., 5th Floor
New York, NY 10022
(212) 336-8330

Stephen Morrissey (Pro Hac Vice)
Ryan Kirkpatrick (Pro Hac Vice)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90069
(310) 789-3100
*Attorneys for Platform Solutions Inc.*