UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
INTERNATIONAL BUSINESS MACHINES
CORPORATION,

        Plaintiff,

      -against-                      06 Civ. 13565 (LAK)

PLATFORM SOLUTIONS, INC., et al.,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                   **ORDER**

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED #: 6/22/09

LEWIS A. KAPLAN, *District Judge*.

        Plaintiffs moves to strike defendant T3 Technologies, Inc.'s expert rebuttal report of Dr. Edward S. Davidson. The Court grants the motion for at least two reasons.

        First, defendant's expert report is untimely. Parties are required to disclose expert reports "at the times and in the sequence that the court orders." Federal Rule of Civil Procedure 26(a)(2)(C). The Court's scheduling order required defendant to serve its initial expert reports no later than December 22, 2008. Defendant chose not to submit expert reports addressing patent issues by that deadline. Plaintiff then served reports raising issues of patent infringement. Defendant now seeks to submit in rebuttal an expert report that addresses issues of patent validity.

        The expert report is improper rebuttal because it does not address issues raised by plaintiff's reports, but rather raises a new issue. The Court's deadline for rebuttal expert reports is thus inapplicable. While defendants perhaps could have served the report as an initial expert report, it is untimely as such because the relevant deadline has long expired.

        Second, the rebuttal expert report is irrelevant. Expert reports, like all evidence, must be relevant to be admissible. *See United States v. Onumonu*, 967 F.2d 782, 786 (2d Cir. 1992). Defendant is pursuing two antitrust claims. The question of the validity of plaintiff's patents is not relevant to these claims. Dr. Davidson's expert report is therefore not admissible.

        Accordingly, plaintiff's motion [docket item 188] is granted.

        SO ORDERED.

Dated:      June 22, 2009

                             Lewis A. Kaplan
                       United States District Judge